UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CATHERINE M. JASMAN and
SIMENEH D. ARAYA,                                                    Case No. 1:07-CV-925

        Plaintiffs,                                        Hon. Richard Alan Enslen

    v.

DTG OPERATIONS, INC., d/b/a
DOLLAR RENTAL and CHARLES HELT,
                                                                     **OPINION**

        Defendants.
_____/

        This matter is before the Court on Defendant DTG Operations, Inc. d/b/a Dollar Rental's

("Dollar Rental") Motion to Dismiss and alternative Motion for Summary Judgment. Plaintiffs

Catherine M. Jasman and Simeneh D. Araya have responded in opposition and Dollar Rental has

filed a reply. Based on the briefing, the Court discerns no reason for oral argument. *See* W.D. Mich.

LCivR 7.2(d). Upon review, summary judgment is appropriate for Dollar Rental.

## I. BACKGROUND

        This action arises from a motor vehicle collision between Defendant Charles Helt and Jasman

on October 18, 2006. As a result of the collision, Jasman allegedly suffered, *inter alia*, cervical

spinal injury, lower back trauma, severe headaches, and emotional distress. Helt was driving a

vehicle rented from Dollar Rental. The rental agreement between Helt and Dollar Rental provided,

in pertinent part:

> WHERE PERMITTED BY LAW, WE DO NOT PROVIDE YOU ANY THIRD-
> PARTY LIABILITY PROTECTION COVERING THIS RENTAL UNLESS YOU
> PURCHASE AND ACCEPT SLI[1] (DESCRIBED BELOW) AT THE BEGINNING
> OF THE RENTAL. YOU AGREE THAT YOU AND/OR YOUR INSURANCE

_____

[1]SLI refers to supplemental liability insurance.

COMPANY WILL BE RESPONSIBLE FOR HANDLING, DEFENDING, AND PAYING ALL THIRD-PARTY CLAIMS . . . CAUSED BY OR ARISING FROM THE USE OR OPERATION OF THE VEHICLE DURING THE RENTAL ("THIRD PARTY CLAIMS." [sic]  YOU REPRESENT AND WARRANT THAT YOUR INSURANCE IS SUFFICIENT TO SATISFY THE MINIMUM APPLICABLE FINANCIAL RESPONSIBILITY LIMITS REQUIRED BY LAW. . . .  YOU AGREE TO INDEMNIFY AND HOLD US HARMLESS FROM AND AGAINST, AND WILL DEFEND US AGAINST, ANY AND ALL LOSS, LIABILITY OR DAMAGES WHATSOEVER CAUSED BY OR ARISING OUT OF THE USE OR OPERATION OF THE VEHICLE DURING THE RENTAL. . . .  However, if we are required by law to provide You primary third-party liability protection it shall only be in an amount necessary to satisfy the minimum statutory financial responsibility limits . . . .

(Dkt. No. 29, Ex. 3. at 6.)  Helt did not purchase supplemental liability insurance nor any other insurance from Dollar Rental.  (*See id.* at 2.)

Count I of Plaintiffs' First Amended Complaint seeks damages for Helt's alleged violation of Michigan's Motor Vehicle Civil Liability Act, Mich. Comp. Laws § 257.401 *et seq.*  Count II seeks consortium and emotional damages for Jasman's husband, Araya.  The only two paragraphs of the First Amended Complaint relating to Dollar Rental read as follows:

> 6.   Liability attaches to Defendant DTG Operations by and through the operation of Michigan Owners Civil Liability Act, MCL 257.401; MSA 9.2101, in that Defendant Charles Helt was driving the vehicle owned by and with the express and/or implied permission of Defendant DTG Operations at the time of the incident which is the subject matter of this lawsuit.

> 7.   At all times material hereto, Defendant Charles Helt was employed by and in the course of his employment with Defendant DTG Operations.  Any negligence on the part of Defendant Charles Helt is imputed to and becomes the negligence of Defendant DTG Operations by and through the doctrine of respondeat superior.

(First Am. Compl. ¶¶ 6–7.)

## II.  LEGAL STANDARD

In this case, both Dollar Rental and Plaintiffs have attached exhibits to their briefing.  These exhibits are beneficial to the Court's resolution of the matter.  Accordingly, the Court will treat Defendant's Motion as one only brought under Rule 56.  *See* Fed. R. Civ. P. 12(b).  This decision does not lead to a different disposition of Defendant's Motion.

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Rule 56 limits the materials the Court may consider in deciding a summary judgment motion to "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits."  *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995) (quoting Fed. R. Civ. P. 56(c)).  If affidavits do not meet the requirements of Rule 56(e), they must be disregarded.  *Moore v. Holbrook*, 2 F.3d 697, 699 (6th Cir. 1993).

The initial burden is on the movant to specify the basis upon which summary judgment should be granted and identify portions of the record which demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The burden then shifts to the non-movant to come forward with specific facts, supported by the evidence in the record, upon which a reasonable jury could find there to be a genuine fact issue for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  If, after adequate time for discovery on material matters, the non-movant fails to make a showing sufficient to establish the existence of a material disputed fact, summary judgment is appropriate.  *Celotex Corp.*, 477 U.S. at 323.

While this analysis assumes the adequacy of discovery, a party cannot oppose summary judgment based on vague generalizations that discovery has been inadequate.  Rather, under the

language of Rule 56 and the caselaw of this Circuit, a party urging that discovery has been

insufficient must file a specific affidavit establishing "the party cannot for reasons stated present by

affidavit facts essential to justify the party's opposition." Fed. R. Civ. P. 56(f); *Plott v. Gen. Motors*

*Corp., Packard Elec. Div.*, 71 F.3d 1190, 1196 (6th Cir. 1995); *Klepper v. First Am. Bank*, 916 F.2d

337, 343 (6th Cir. 1990).

In assessing evidence, credibility determinations, the weighing of the evidence, and the

drawing of legitimate inferences are jury functions. *Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir.

1994). The evidence of the non-movant is to be believed and all justifiable inferences are to be

drawn in the non-movant's favor. *Celotex Corp.*, 477 U.S. at 323 (quoting *Anderson*, 477 U.S. at

255).

## III. ANALYSIS

### A. Graves Amendment

Dollar Rental argues summary judgment is appropriate because the Federal Transportation

Equity Act of 2005 preempts Plaintiffs' claims brought under Michigan's Motor Vehicle Civil

Liability Act.[2]  The "Graves Amendment" to the Federal Transportation Equity Act provides, in

pertinent part:

_____

[2]The section of Michigan's Motor Vehicle Civil Liability Act under which Plaintiffs'
claims are brought states, in pertinent part:

> Notwithstanding subsection (1), a person engaged in the business of leasing
> motor vehicles who is the lessor of a motor vehicle under a lease providing for the
> use of the motor vehicle by the lessee for a period of 30 days or less is liable for an
> injury caused by the negligent operation of the leased motor vehicle only if the injury
> occurred while the leased motor vehicle was being operated by an authorized driver
> under the lease agreement . . . .

Mich. Comp. Laws § 257.401(3).

An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if—

(1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and

(2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

49 U.S.C. § 30106(a).

1.   Constitutionality of Graves Amendment

As an initial matter, Plaintiffs ask this Court to hold the Graves Amendment unconstitutional and cite the decisions of two courts which have already held it as such.  *See Vanguard Car Rental USA, Inc. v. Drouin*, 521 F. Supp. 2d 1343, 1351 (S.D. Fla. 2007) (holding "there is no rational basis to support a conclusion that vicarious tort liability for car rental or leasing companies substantially affects interstate commerce"); *Graham v. Dunkley*, 13 Misc. 3d 790, 806 (N.Y. Sup. Ct. 2006) (holding "that 49 USC § 30106 is an unconstitutional exercise of congressional authority under the Commerce Clause" and that the "substantive law of torts is not to be faintly acquiesced to legislation by Congress").  To the Court's knowledge, no courts in the Sixth Circuit have yet to address this issue.

The Court finds the cases cited by Plaintiffs unpersuasive and inconsistent with precedent. The court in *Merchants Ins. Group v. Mitsubishi Motor Credit Ass'n* has explained the unsettled law surrounding the Graves Amendment and the absence of precedent following *Graham*:[3]

---

[3]*Merchants Ins. Group* was decided before *Drouin*.

> To date, only one court has found the Graves Amendment unconstitutional. *Graham v. Dunkley*, 13 Misc. 3d 790, 799–806; 827 N.Y.S.2d 513, 519–25 (Sup. Ct. Queens County 2006) (holding that Graves Amendment exceeded Congress' Commerce Clause powers). *Graham*, however, has not been followed by any other court. To the contrary, a number of courts have explicitly found the statute constitutional. *See, e.g., Seymour v. Pense* [sic] *TruckLeasing* [sic] *Co.*, No. 407-cv-015, 2007 WL 2212609, at *2 (S.D. Ga. July 30, 2007) (rejecting *Graham* and concluding that § 30106 is avalid [sic] exercise of Congress's power to regulate interstate commerce); *Garcia v. Vanguard Car Rental USA, Inc.*, 510 F. Supp. 2d 821, 837–38 (M.D. Fla. 2007) (finding that the Graves Amendment is a constitutional exercise of Congress' Commerce Clause powers).

Civil Action No. CV-03-6017 (DGT), 2007 WL 2815744, at *4 n.4 (E.D.N.Y. Sept. 25, 2007). After reviewing all of the decisions adjudicating the constitutionality of the Graves Amendment in relation to the Commerce Clause, the Court finds most thorough and compelling the analysis undertaken in *Garcia v. Vanguard Car Rental USA, Inc.*, which the Court adopts by reference. *See Garcia*, 510 F. Supp. 2d at 833–37. The Court agrees with the majority of courts addressing this issue that the Graves Amendment "unquestionably affect[s] the channels of interstate commerce, the instrumentalities of interstate commerce, and intrastate activities substantially related to interstate commerce." *See, e.g., Bechina v. Enterprise Leasing Co.*, No. 3D07-1225, 2007 WL 4322303, at *1 (Fla. Dist. Ct. App. Dec. 12, 2007). Thus, the Court declines Plaintiffs' invitation to hold the Graves Amendment unconstitutional.

### 2. Vicarious Liability

The Court next turns to Plaintiffs' claims involving vicarious liability. Paragraph six of the First Amended Complaint undoubtably alleges Dollar Rental is liable for the tort committed by Helt since Dollar Rental is the owner of the vehicle Helt rented. In *Merchants Ins. Group*, an insurer for a van, on its own behalf and as subrogor of the vehicle's owner and driver, brought a state-court action against the lessor of a car that collided with the van. 2007 WL 2815744, at *1. The court

held the suit was preempted by the Graves Amendment. *Id.* at *3. "Courts have consistently held

that the Graves Amendment prohibits states from imposing vicarious liability on owner-lessors such

as defendants where the lessor is not negligent." *Id.* (citations omitted). Likewise, in *Garcia*, the

court concluded "the Graves Amendment preempts all state statutory and common law to the extent

those laws hold owners in the business of renting or leasing motor vehicles vicariously liable for the

negligence of drivers, except where there is negligence or wrongdoing on the part of the owner."

2007 WL 686625, at *6; *see also Johnson v. Agnant*, 480 F. Supp. 2d 1, 4 (D.D.C. 2006) (holding

the Graves Amendment expressly repeals all state and political subdivision laws that impose

vicarious liability).

Plaintiffs argue *Merchants* is distinguishable because it involved a 23-month lease. This fact

is irrelevant. Plaintiffs also argue *Merchants* is distinguishable because it dealt with vicarious

liability and not direct negligence. Plaintiffs posit, in their *Response*, that their claims are saved from

preemption by 49 U.S.C. § 30106(a)(2) because Dollar Rental was directly negligent.[4]  Simply

raising this argument in a responsive brief, however, does not equate to actually alleging this claim

in a complaint. As aforementioned, the First Amended Complaint only attributed liability to Dollar

Rental based on (1) it being the owner of the vehicle under Michigan's Motor Vehicle Civil Liability

Act and (2) respondeat superior. Thus, since this claim is not contained in the First Amended

Complaint, consideration of the claim is not properly before the Court.

---

[4]Plaintiffs argue Dollar Rental may have been negligent in two respects. First, Plaintiffs claim Dollar Rental may have been negligent in its maintenance of the rented vehicle because Helt stated, in the police report, the vehicle would not stop after applying the brakes. Secondly, Plaintiffs claim Dollar Rental may have been negligent if it did not conduct a driving records check on Helt.

Based on the cited authority, the Court finds the Graves Amendment preempts Michigan's Motor Vehicle Civil Liability Act and that owners of vehicles, such as Dollar Rental, are not liable solely by reason of being the owner of the vehicle.  Accordingly, no genuine issue of material fact exists and summary judgment is proper for the claims contained in paragraph six of the First Amended Complaint.

**B.  Respondeat Superior**

Regarding the allegations in paragraph seven of the Fist Amended Complaint—that Helt was employed by Dollar Rental at the time of the collision—the Graves Amendment is not applicable. Plaintiffs correctly contend that if Helt was an employee at the time of the collision, the doctrine of respondeat superior applies and liability attaches to Dollar Rental.  Dollar Rental has provided a signed affidavit of Helt indicating he has never worked for Dollar Rental.  (*See* Dkt. No. 38.) Plaintiffs have provided no evidence or argument supporting their position or rebutting Helt's affidavit.

Plaintiffs seek additional discovery to substantiate this allegation.  Plaintiffs have failed to file a specific affidavit establishing they "cannot for reasons stated present by affidavit facts essential to justify the party's opposition."  *See* Fed. R. Civ. P. 56(f); *Plott*, 71 F.3d at 1196; *Klepper*, 916 F.2d at 343.  Moreover, there is nothing in the record to indicate Helt was ever employed by Dollar Rental except for Plaintiffs' unsubstantiated allegations.  The Court finds there has been adequate time for discovery on material matters and that Plaintiffs have failed to make a showing sufficient to establish the existence of a material disputed fact.  *See Celotex Corp.*, 477 U.S. at 323. Accordingly, the Court will grant summary judgment to Dollar Rental on the claims contained in paragraph seven of the First Amended Complaint as well.

## IV.  CONCLUSION

For the reasons given, the Court will grant Defendant DTG Operations, Inc. d/b/a Dollar

Rental's Motion for Summary Judgment.  A Partial Judgment consistent with this Opinion will issue.

<div style="margin-left: 40%">

 /s/ Richard Alan Enslen

</div>

DATED in Kalamazoo, MI:                    RICHARD ALAN ENSLEN
      February 13, 2008                    SENIOR UNITED STATES DISTRICT JUDGE